| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **David L. Mattis** | |
| | First Name    Middle Name | Last Name |
| Debtor 2 | **C. Michelle Mattis** | |
| (Spouse, if filing) | First Name    Middle Name | Last Name |
| United States Bankruptcy Court for the: | **WESTERN DISTRICT OF PENNSYLVANIA** | |
| Case number: (If known) | **23-21984 GLT** | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

## Western District of Pennsylvania
**Chapter 13 Plan Dated:** October 11, 2023

---

### Part 1:   Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable. The terms of this plan control unless otherwise ordered by the court.**

In the following notice to creditors, you must check each box that applies

**To Creditors:** *YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.*

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

*IF YOU OPPOSE THIS PLAN'S TREATMENT OF YOUR CLAIM OR ANY PROVISION OF THIS PLAN, YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST SEVEN (7) DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING, UNLESS OTHERWISE ORDERED BY THE COURT. THE COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION TO CONFIRMATION IS FILED. SEE BANKRUPTCY RULE 3015. IN ADDITION, YOU MAY NEED TO FILE A TIMELY PROOF OF CLAIM TO BE PAID UNDER ANY PLAN.*

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If the "Included" box is unchecked or both boxes are checked on each line, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of any claim or arrearages set out in Part 3, which may result in a partial payment or no payment to the secured creditor (a separate action will be required to effectuate such limit) | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 (a separate action will be required to effectuate such limit) | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9 | ☐ Included | ☑ Not Included |

### Part 2:   Plan Payments and Length of Plan

**2.1    Debtor(s) will make regular payments to the trustee:**

Total amount of **$2.800** per month for a remaining plan term of **36** months shall be paid to the trustee from future earnings as follows:

| Payments: | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $ _____ | $ **2,800.00 (TFS)** | $ _____ |
| D#2 | $ _____ | $ _____ | $ _____ |

(Income attachments must be used by Debtors having attachable income)    (SSA direct deposit recipients only)

**2.2 Additional payments.**

☐    **Unpaid Filing Fees.** The balance of $_____ shall be fully paid by the Trustee to the Clerk of the Bankruptcy court form the first

| Debtor | **David L. Mattis** <br> **C. Michelle Mattis** | Case number | **23-21984 GLT** |
|---|---|---|---|

    available funds.

Check one.

    ☑ **None.** If "None" is checked, the rest of § 2.2 need not be completed or reproduced.

**2.3**      The total amount to be paid into the plan (plan base) shall be computed by the trustee based on the total amount of plan payments plus any additional sources of plan funding described above.

| Part 3: | **Treatment of Secured Claims** |
|---|---|

**3.1**      **Maintenance of payments and cure of default, if any, on Long-Term Continuing Debts.**

    Check one.

    ☐ **None.** If "None" is checked, the rest of Section 3.1 need not be completed or reproduced.

    ☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed by the trustee. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, without interest. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. If monthly payment changes exist, state the amounts and effective dates of the changes.

| Name of creditor and redacted account number | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Start date (MM/YYYY) |
|---|---|---|---|---|
| **Select Portfolio Servicing, Inc** <br> **2770011205853** | **Residence @ 1504 E. Gibson Avenue Connellsville, PA , Fayette County** | **$641.60** | **$15,000.00** | **October 2023** |

Insert additional claims as needed.

**3.2**      **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

    Check one.

    ☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3**      **Secured claims excluded from 11 U.S.C. § 506.**

    Check one.
    ☐ **None**. If "None" is checked, the rest of Section 3.3 need not be completed or reproduced.
    ☑ The claims listed below were either:

    (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

    (2) incurred within one (1) year of the petition date and secured by a purchase money security interest in any other thing of value.

    These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

| Name of Creditor and redacted account number | Collateral | Amount of claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|
| **Credit Acceptance** <br> **106069750** | **2018 GMC Acadia** | **$21,348.54** | **6.00%** | **$649.46** |
| **The United Federal Credit Union** <br> **36304751** | **2011 Dodge Durango** | **$3,620.00** | **6.00%** | **(12 Payments)** <br> **$210.80** |

| Debtor | **David L. Mattis** | Case number | **23-21984 GLT** |
|---|---|---|---|
| | **C. Michelle Mattis** | | |

Insert additional claims as needed.

**3.4   Lien avoidance.**

Check one.

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.* **The remainder of this section will be effective only if the applicable box in Part 1 of this plan is checked**

**3.5   Surrender of collateral.**

Check one.

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6   Secured tax claims.**

| Name of taxing authority | Total amount of claim | Type of tax | Interest Rate* | Identifying number(s) if collateral is real estate | Tax periods |
|---|---|---|---|---|---|
| -NONE- | | | | | |

Insert additional claims as needed.

\* The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and any other tax claimants shall bear interest at the statutory rate in effect as of the date of confirmation.

### Part 4:   Treatment of Fees and Priority Claims

**4.1   General**

Trustee's fees and all allowed priority claims, including Domestic Support Obligations other than those treated in Section 4.5, will be paid in full without postpetition interest.

**4.2   Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case. The trustee shall compute the trustee's percentage fees and publish the prevailing rates on the court's website for the prior five years. It is incumbent upon the debtor(s)' attorney or debtor (if pro se) and the trustee to monitor any change in the percentage fees to ensure that the plan is adequately funded.

**4.3   Attorney's fees.**

Attorney's fees are payable to **Zebley, Mehalov & White**  In addition to a retainer of $**900.00** (of which $__**500.00**__ was a payment to reimburse costs advanced and/or a no-look costs deposit) already paid by or on behalf of the debtor, the amount of $**4,600.00** is to be paid at the rate of $**250.00** per month. Including any retainer paid, a total of $__**5,500.00**__ in fees and costs reimbursement has been approved by the court to date, based on a combination of the no-look fee and costs deposit and previously approved application(s) for compensation above the no-look fee. An additional $__**0.00**__ will be sought through a fee application to be filed and approved before any additional amount will be paid through the plan, and this plan contains sufficient funding to pay that additional amount, without diminishing the amounts required to be paid under this plan to holders of allowed unsecured claims.

☐ Check here if a no-look fee in the amount provided for in Local Bankruptcy Rule 9020-7(c) is being requested for services rendered to the debtor(s) through participation in the court's Loss Mitigation Program (do not include the no-look fee in the total amount of compensation requested, above).

**4.4   Priority claims not treated elsewhere in Part 4.**

☑ **None**. *If "None" is checked, the rest of Section 4.4 need not be completed or reproduced.*
Insert additional claims as needed

**4.5   Priority Domestic Support Obligations not assigned or owed to a governmental unit.**

| Debtor | **David L. Mattis** | Case number | **23-21984 GLT** |
|---|---|---|---|
| | **C. Michelle Mattis** | | |

☑ **None**. If "None" is checked, the rest of Section 4.5 need not be completed or reproduced.

**4.6    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.**
Check one.

☑ **None.** If "None" is checked, the rest of § 4.6 need not be completed or reproduced.

**4.7    Priority unsecured tax claims paid in full.**

☐ **None.** If "None" is checked, the rest of § 4.7 need not be completed or reproduced.

| Name of taxing authority | Total amount of claim | Type of Tax | Interest rate (0% If blank) | Tax Periods |
|---|---|---|---|---|
| **Internal Revenue Service** | **$9,000.00** | **Federal income taxes** | **0.00%** | **2019 & 2022** |

Insert additional claims as needed.

**4.8    Postpetition utility monthly payments.**

The provisions of this Section 4.8 are available only if the utility provider has agreed to this treatment. The charges for post petition utility service are allowed as an administrative claim. These payments comprise a single monthly combined payment for postpetition utility services, any postpetition delinquencies, and unpaid security deposits. The claim payment will not change for the life of the plan unless amended. Should the utility obtain an order authorizing a payment change, the debtor(s) will be required to file an amended plan. These payments may not resolve all of the postpetition claims of the utility. Any unpaid post petition utility claims will survive discharge and the utility may require additional funds from
the debtor(s) after discharge.

| Name of creditor and redacted account number | Monthly payment | Postpetition account number |
|---|---|---|
| **-NONE-** | | |

Insert additional claims as needed.

**Part 5:    Treatment of Nonpriority Unsecured Claims**

**5.1    Nonpriority unsecured claims not separately classified.**

Debtor(s) **ESTIMATE(S)** that a total of **$17,000.00** will be available for distribution to nonpriority unsecured creditors.

Debtor(s) **ACKNOWLEDGE(S)** that a **MINIMUM** of $**0.00** shall be paid to nonpriority unsecured creditors to comply with the liquidation alternative test for confirmation set forth in 11 U.S.C. § 1325(a)(4).

The total pool of funds estimated above is *NOT* the *MAXIMUM* amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is **15.00**%. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim. Creditors not specifically identified elsewhere in this plan are included in this class.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.**

Check one.

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3    Other separately classified nonpriority unsecured claims.**

| Debtor | **David L. Mattis** | Case number | **23-21984 GLT** |
|---|---|---|---|
| | **C. Michelle Mattis** | | |

Check one.

☑ **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

Check one.

☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate shall not re-vest in the debtor(s) until the debtor(s) have completed all payments under the confirmed plan.**

### Part 8: General Principles Applicable to All Chapter 13 Plans

**8.1** This is the voluntary chapter 13 reorganization plan of the debtor(s). The debtor(s) understand and agree(s) that the chapter 13 plan may be extended as necessary by the trustee (up to any period permitted by applicable law) to insure that the goals of the plan have been achieved. Notwithstanding any statement by the trustee's office concerning amounts needed to fund a plan, the adequacy of plan funding in order to meet the plan goals remains the sole responsibility of debtor(s) and debtor(s)' attorney. It shall be the responsibility of the debtor(s) and debtor(s)' attorney to monitor the plan in order to ensure that the plan remains adequately funded during its entire term.

**8.2** Prior to the meeting of creditors, the debtor(s) shall comply with the tax return filing requirements of 11 U.S.C § 1308 and provide the trustee with documentation of such compliance by the time of the meeting. Debtor(s)' attorney or debtor(s) (if pro se) shall provide the trustee with the information needed for the trustee to comply with the requirements of 11 U.S.C. § 1302 as to the notification to be given to Domestic Support Obligation creditors, and debtor(s)' attorney or debtor(s) (if pro se) shall provide the trustee with the calculations relied upon to determine the debtor(s)' current monthly income and disposable income.

**8.3** The debtor(s) shall have a duty to inform the trustee of any assets acquired while the chapter 13 case is pending, such as insurance proceeds, recovery on any lawsuit or claims for personal injury or property damage, lottery winnings, or inheritances. The debtor(s) must obtain prior court approval before entering into any postpetition financing or borrowing of any kind, and before selling any assets.

**8.4** Unless otherwise stated in this plan or permitted by a court order, all claims or debts provided for by the plan to receive a distribution shall be paid by and through the trustee.

**8.5** Percentage fees to the trustee are paid on receipts of plan payments at the rate fixed by the United States Trustee. The trustee has the discretion to adjust, interpret, and implement the distribution schedule to carry out the plan, provided that, to the extent the trustee seeks a material modification of this plan or its contemplated distribution schedule, the trustee must seek and obtain prior authorization of the court. The trustee shall follow this standard plan form sequence unless otherwise ordered by the court:

| | |
|---|---|
| Level One: | Unpaid filing fees. |
| Level Two: | Secured claims and lease payments entitled to 11 U.S.C. § 1326(a)(1)(C) pre-confirmation adequate protection payments. |
| Level Three: | Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and postpetition utility claims. |
| Level Four: | Priority Domestic Support Obligations. |
| Level Five: | Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears. |
| Level Six: | All remaining secured, priority and specially classified claims, and miscellaneous secured arrears. |
| Level Seven: | Allowed nonpriority unsecured claims. |
| Level Eight: | Untimely filed nonpriority unsecured claims for which an objection has not been filed. |

**8.6** As a condition to the debtor(s)' eligibility to receive a discharge upon successful completion of the plan, debtor(s)' attorney or debtor(s) (if pro se) shall file Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) with the court within forty-five (45) days after making the final plan payment.

| Debtor | **David L. Mattis** | Case number | **23-21984 GLT** |
|---|---|---|---|
| | **C. Michelle Mattis** | | |

**8.7**  The provisions for payment to secured, priority, and specially classified unsecured creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the trustee will not be required. In the absence of a contrary timely filed proof of claim, the amounts stated in the plan for each claim are controlling. The clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. Unless otherwise ordered by the court, if a secured, priority, or specially classified creditor timely files its own claim, then the creditor's claim shall govern, provided the debtor(s) and debtor(s)' attorney have been given notice and an opportunity to object. The trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

**8.8**  Any creditor whose secured claim is not modified by this plan and subsequent order of court shall retain its lien.

**8.9**  Any creditor whose secured claim is modified or whose lien is reduced by the plan shall retain its lien until the underlying debt is discharged under 11 U.S.C. § 1328 or until it has been paid the full amount to which it is entitled under applicable nonbankruptcy law, whichever occurs earlier. Upon payment in accordance with these terms and entry of a discharge order, the modified lien will terminate and be released. The creditor shall promptly cause all mortgages, liens, and security interests encumbering the collateral to be satisfied, discharged, and released.

**8.10**  The provisions of Sections 8.8 and 8.9 will also apply to allowed secured, priority, and specially classified unsecured claims filed after the bar date. ***LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' ATTORNEY OR DEBTOR(S) (IF PRO SE) WILL NOT BE PAID.*** The responsibility for reviewing the claims and objecting where appropriate is placed upon the debtor(s).

### Part 9:  Nonstandard Plan Provisions

**9.1**  **Check "None" or List Nonstandard Plan Provisions**
   ☑  **None.** If "None" is checked, the rest of Part 9 need not be completed or reproduced.

### Part 10:  Signatures:

**10.1**  **Signatures of Debtor(s) and Debtor(s)' Attorney**

By signing this plan the undersigned, as debtor(s)' attorney or the debtor(s) (if pro se), certify(ies) that I/we have reviewed any prior confirmed plan(s),order(s) confirming prior plan(s), proofs of claim filed with the court by creditors, and any orders of court affecting the amount(s) or treatment of any creditor claims, and except as modified herein, this proposed plan conforms to and is consistent with all such prior plans, orders, and claims. False certifications shall subject the signatories to sanctions under Bankruptcy Rule 9011.

*By filing this document, debtor(s)' attorney or the debtor(s) (if pro se), also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in the standard chapter 13 plan form adopted for use by the United States Bankruptcy Court for the Western District of Pennsylvania, other than any nonstandard provisions included in Part 9. It is further acknowledged that any deviation from the standard plan form shall not become operative unless it is specifically identified as "nonstandard" terms and are approved by the court in a separate order.*

| X | **/s/ David L. Mattis** | X | **/s/ C. Michelle Mattis** |
|---|---|---|---|
| | **David L. Mattis** | | **C. Michelle Mattis** |
| | Signature of Debtor 1 | | Signature of Debtor 2 |
| | Executed on  **October 11, 2023** | | Executed on  **October 11, 2023** |

| X | **/s/ Daniel R. White** | Date | **October 11, 2023** |
|---|---|---|---|
| | **Daniel R. White 78718** | | |
| | Signature of debtor(s)' attorney | | |

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 23-21984-GLT |
| David L. Mattis | Chapter 13 |
| C. Michelle Mattis | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 1 of 3 |
| Date Rcvd: Oct 16, 2023 | Form ID: pdf900 | Total Noticed: 39 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ++ | Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(f)/Fed. R. Bank. P. 2002(g)(4). |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 18, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | David L. Mattis, C. Michelle Mattis, 1504 East Gibson Avenue, South Connellsville, PA 15425-4931 |
| 15646255 | + | Cross River Bank/Upgrade, 885 Teaneck Road, Teaneck, NJ 07666-4547 |
| 15638777 | + | Glass Cap Federal Cred, P.O. Box 60070, Harrisburg, PA 17106-0070 |
| 15638778 | | Glass Cap Federal Credit Union Visa, P.O. Box 31112, Tampa, FL 33631-3112 |
| 15646256 | + | Penn Highlands Hospital, 401 East Murphy Avenue, Connellsville, PA 15425-2700 |
| 15638794 | ++ | TEMPOE LLC DBA WHY NOT LEASE IT, ATTN BOB HOLWADEL, 720 EAST PETE ROSE WAY SUITE 400, CINCINNATI OH 45202-3576 address filed with court:, TEMPOE, 1750 Elm Street--Suite 1200, Manchester, NH 03104 |
| 15638795 | + | The United Federal Credit Union, 3 Sunset Beach Road, Morgantown, WV 26508-4431 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 15646254 | | Email/Text: customercareus@creditcorpsolutionsinc.com | Oct 17 2023 06:38:00 | Credit Corp Solutions, Inc., 121 W. Election Road, Suite 200, Draper, UT 84020 |
| 15638766 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Oct 17 2023 04:56:16 | Capital One, Attn: Bankruptcy, P.O. Box 30285, Salt Lake City, UT 84130-0285 |
| 15638768 | + | Email/Text: bankruptcydpt@mcmcg.com | Oct 17 2023 06:39:00 | Capital One Bank USA NA, c/o Midland Funding, 2365 Northside Drive, Suite 30, San Diego, CA 92108-2709 |
| 15644031 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Oct 17 2023 04:59:15 | Capital One N.A., by American InfoSource as agent, PO Box 71083, Charlotte, NC 28272-1083 |
| 15638769 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Oct 17 2023 06:31:19 | Capital One/Walmart, Attn: Bankruptcy, P.O. Box 30285, Salt Lake City, UT 84130-0285 |
| 15638770 | | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Oct 17 2023 06:38:00 | Comenity Bank, Bankruptcy Department, P.O. Box 182125, Columbus, OH 43218-2125 |
| 15638771 | + | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Oct 17 2023 06:38:00 | Comenity/Boot Barn, Attn: Bankruptcy, P.O. Box 182125, Columbus, OH 43218-2125 |
| 15638772 | + | Email/Text: ebnnotifications@creditacceptance.com | Oct 17 2023 06:38:00 | Credit Acceptance, Attn: Bankruptcy, 25505 West 12 Mile Road, Suite 3000, Southfield, MI 48034-8331 |
| 15645138 | | Email/Text: mrdiscen@discover.com | Oct 17 2023 06:38:00 | Discover Bank, P.O. Box 3025, New Albany, Oh 43054-3025 |
| 15638774 | + | Email/Text: mrdiscen@discover.com | Oct 17 2023 06:38:00 | Discover Financial, Attn: Bankruptcy, P.O. Box 3025, New Albany, OH 43054-3025 |
| 15638775 | + | Email/Text: Atlanticus@ebn.phinsolutions.com | Oct 17 2023 06:38:00 | Fortiva, Attn: Bankruptcy, P.O. Box 105555, Atlanta, GA 30348-5555 |
| 15638779 | | Email/Text: sbse.cio.bnc.mail@irs.gov | | |

Case 23-21984-GLT   Doc 26   Filed 10/18/23   Entered 10/19/23 00:28:53   Desc Imaged
Certificate of Notice   Page 8 of 9

| District/off: 0315-2 | User: auto | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Oct 16, 2023 | Form ID: pdf900 | Total Noticed: 39 |

| Recip ID | Bypass | Notice Method | Date/Time | Name and Address |
|---|---|---|---|---|
| | | | Oct 17 2023 06:38:00 | Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 |
| 15638780 | | Email/Text: JCAP_BNC_Notices@jcap.com | Oct 17 2023 06:39:00 | Jefferson Capital Systems, LLC, Attn: Bankruptcy, 16 Mcleland Road, Saint Cloud, MN 56303 |
| 15638781 | ^ | MEBN | Oct 17 2023 01:30:22 | KML Law Group, BNY Mellon Independence Center, 701 Market Street--Suite 5000, Philadelphia, PA 19106-1541 |
| 15639213 | | Email/Text: ktramble@lendmarkfinancial.com | Oct 17 2023 06:38:00 | Lendmark Financial Services, LLC, 2118 Usher Street NW, Covington GA 30014 |
| 15638782 | ^ | MEBN | Oct 17 2023 01:29:33 | Lendmark Financial Services, Attn: Bankruptcy, 1735 North Brown Rd., Suite 300, Lawrenceville, GA 30043-8228 |
| 15638784 | | Email/Text: ml-ebn@missionlane.com | Oct 17 2023 06:38:00 | Mission Lane LLC, Attn: Bankruptcy, P.O. Box 105286, Atlanta, GA 30348 |
| 15638783 | + | Email/Text: bankruptcydpt@mcmcg.com | Oct 17 2023 06:39:00 | Midland Funding, LLC, Attn: Bankruptcy, P.O. Box 939069, San Diego, CA 92193-9069 |
| 15638785 | + | Email/Text: Bankruptcies@nragroup.com | Oct 17 2023 06:39:00 | National Recovery Agency, Attn: Bankruptcy, 2491 Paxton Street, Harrisburg, PA 17111-1036 |
| 15638786 | + | Email/Text: electronicbkydocs@nelnet.net | Oct 17 2023 06:39:00 | Nelnet, Attn: Claims, P.O. Box 82505, Lincoln, NE 68501-2505 |
| 15638787 | + | Email/PDF: cbp@omf.com | Oct 17 2023 05:44:50 | OneMain Financial, Attn: Bankruptcy, P.O. Box 3251, Evansville, IN 47731-3251 |
| 15638788 | | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Oct 17 2023 06:31:19 | Portfolio Recovery, 120 Corporate Boulevard, Norfolk, VA 23502 |
| 15646258 | + | Email/Text: shari.stephenson@revcosolutions.com | Oct 17 2023 06:38:00 | REVCO SOLUTIONS, INC., 3850 PRIORITY WAY SOUTH DR #114, INDIANAPOLIS, IN 46240-3813 |
| 15638789 | + | Email/Text: customerservice@rfgionline.com | Oct 17 2023 06:39:00 | RFGI, Attn: Bankruptcy, P.O. Box 537, Sycamore, IL 60178-0537 |
| 15638790 | + | Email/Text: BKSPSElectronicCourtNotifications@spservicing.com | Oct 17 2023 06:39:00 | Select Portfolio Servicing, Inc, Attn: Bankruptcy, P.O. Box 65250, Salt Lake City, UT 84165-0250 |
| 15638791 | + | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 17 2023 05:24:07 | Synchrony Bank, Attn: Bankruptcy Department, P.O. Box 965060, Orlando, FL 32896-5060 |
| 15638792 | + | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 17 2023 04:56:15 | Synchrony Bank/Care Credit, Attn: Bankruptcy, P.O. Box 965060, Orlando, FL 32896-5060 |
| 15638793 | | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 17 2023 04:59:12 | Synchrony Bank/TJX Rewards, Attention: Bankruptcy Department, P.O. Box 965060, Orlando, FL 32896-5060 |
| 15638796 | | Email/Text: bknotice@upgrade.com | Oct 17 2023 06:38:00 | Upgrade, Inc., Attn: Bankruptcy, 275 Battery Street 23rd Floor, San Francisco, CA 94111 |
| 15646257 | + | Email/Text: BankruptcyNotice@upmc.edu | Oct 17 2023 06:39:00 | UPMC Shadyside, 5230 Centre Avenue, Pittsburgh, PA 15232-1304 |
| 15638797 | | Email/Text: RPSBankruptcyBNCNotification@usbank.com | Oct 17 2023 06:39:00 | US Bank, NA, P.O. Box 790084, Saint Louis, MO 63179 |
| 15638798 | | Email/Text: bankruptcy@firstenergycorp.com | Oct 17 2023 06:39:00 | West Penn Power, 76 South Main Street, A-RPC, Akron, OH 44308-1890 |

TOTAL: 32

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

**Recip ID    Bypass Reason    Name and Address**

| District/off: 0315-2 | User: auto | Page 3 of 3 |
|---|---|---|
| Date Rcvd: Oct 16, 2023 | Form ID: pdf900 | Total Noticed: 39 |

| | | |
|---|---|---|
| cr | | U.S. Bank National Association, as trustee, on beh |
| 15638767 | *+ | Capital One, Attn: Bankruptcy, P.O. Box 30285, Salt Lake City, UT 84130-0285 |
| 15638773 | *+ | Credit Acceptance, Attn: Bankruptcy, 25505 West 12 Mile Road, Suite 3000, Southfield, MI 48034-8331 |
| 15638776 | *+ | Fortiva, Attn: Bankruptcy, P.O. Box 105555, Atlanta, GA 30348-5555 |

TOTAL: 1 Undeliverable, 3 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 18, 2023        Signature:        /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 12, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brian Nicholas | on behalf of Creditor U.S. Bank National Association as trustee, on behalf of the holders of the Terwin Mortgage Trust 2006-7 Asset-Backed Securities, Series 2006-7 bnicholas@kmllawgroup.com |
| Daniel R. White | on behalf of Joint Debtor C. Michelle Mattis lori@zeblaw.com;r63228@notify.bestcase.com;elisa@zeblaw.com |
| Daniel R. White | on behalf of Debtor David L. Mattis lori@zeblaw.com;r63228@notify.bestcase.com;elisa@zeblaw.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |

TOTAL: 5